**HILL WALLACK LLP**
Michael J. Shavel, Esquire
777 Township Line Road, Suite 250
Yardley, PA  19067
Tel. 215-579-7700
Fax 215-579-9248
Counsel for Creditor, Hill Wallack LLP

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>GREGORY BERTINO<br><br>         DEBTOR. | Chapter 13<br><br>Docket No. 17-17461 |

**MOTION TO DISMISS**

Hill Wallack LLP ("Hill Wallack"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for an Order dismissing the Chapter 13 bankruptcy case of Gregory Bertino (the "Debtor") and, in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1.       This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate in the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are § 1307 of the Bankruptcy Code.

**FACTUAL BACKGROUND PRIOR TO CURRENT CASE**

3.       In or about February 2015, the Debtor and his wholly-owned corporation, Bertino Enterprises, Inc. (collectively referred to as "Defendants"), retained Hill Wallack to represent them to regain clear title to parcels of real property located in Pennsylvania, New Jersey, and Florida

(collectively, the "Properties"), which Properties Defendants contended had been unlawfully taken from Debtor by a private, hard money lender, Lava Funding, LLC ("Lava"), through fraud and forgery. A true and correct copy of the executed fee engagement letter agreement between Hill Wallack and Defendants ("Fee Agreement") is attached hereto as Exhibit "A".

4. Three of the properties which had been transferred out of the name of Bertino included 4 Bristol Road, Feasterville, Bucks County, Pennsylvania ("Bristol Road Property") and also properties located at 3727 Hulmeville Road, Bensalem, PA 19020 ("Hulmeville Road Property") and 3321 Ford Road, Bristol Township, PA ("Ford Road Property") (collectively, the "Pennsylvania Properties").

5. Additionally, at the time Defendants retained Hill Wallack, there existed a judgment against Debtor and his company in excess of $750,000 ("Judgment"), which Judgment had been entered in favor of Lava in the Court of Common Pleas of Bucks County back in 2012.

6. Upon being retained by Defendants, Hill Wallack developed a strategy to obtain clear title to the Properties and to strike/open the Judgment.

7. Shortly after Defendants retained Hill Wallack, Lava filed two (2) Complaints in Confession of Ejectment in the Bucks County Court of Common Pleas relating to the Hulmeville Road Property and the Bristol Road Property, out of which Bertino was operating Bertino Enterprises.

8. On behalf of Bertino, Hill Wallack obtained a temporary restraining order precluding Lava and/or any of its affiliates from entering the Bristol Road Property.

9. Thereafter, Bertino engaged separate bankruptcy counsel and, on April 22, 2015, filed a Voluntary Petition for Bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code in case number 15-12765 ("First Bankruptcy").

10. During the pendency of the First Bankruptcy, Hill Wallack represented the Defendants in an adversary action entitled *Gregory Bertino and Bertino Enterprises, Inc. v. Lava Funding LLC, et al,* in

the United States Bankruptcy Court for the Eastern District of Pennsylvania bearing case number 15-12765 (the "Adversary Action").

11. Ultimately, and after a mediation before the Honorable Stephen Raslavich on November 4, 2015, Defendants and Lava, represented by their respective counsel (including Bertino's separate bankruptcy counsel), came to a settlement of the Adversary Action, the terms of which were memorialized in a Settlement Agreement executed by all parties.

12. In the days and weeks immediately following the mediation, Bertino continued to promise that he would make arrangements to pay Hill Wallack's legal fees in full and, ultimately, the parties came to an agreement that Bertino would use the Pennsylvania Properties that Hill Wallack had regained for him to secure a loan to pay Hill Wallack's legal fees.

13. In December 2015, Bertino and Lava filed a joint motion seeking approval of the Settlement Agreement, which motion was granted by the Bankruptcy Court.

14. Pursuant to the Order approving the Settlement Agreement, on or about February 4, 2016, the Pennsylvania Properties were transferred to Bertino via Quit Claim Deeds.

15. Lava also provided Bertino with satisfaction pieces for each of the mortgages which Lava had previously had recorded against the Pennsylvania Properties.

16. Additionally, Lava took all the required steps to have the Judgment marked "satisfied" in the Pennsylvania Court of Common Pleas as well as in all the other jurisdictions to which the Judgment had been transferred.

17. Notwithstanding the successful prosecution of the Adversary Proceeding and the recovery of the Pennsylvania Properties, the Debtor failed to make arrangements to pay Hill Wallack for the substantial legal services rendered.

18. On April 6, 2016, Judge Raslavich entered an Order granting the United States Trustee's Motion to Dismiss the First Bankruptcy pursuant to 11 U.S.C. § 1112(b).

19. Thereafter, on or about April 15, 2016, Hill Wallack filed a Complaint in the Bucks County Court of Common Pleas to recover legal fees and costs from the Debtor and his wholly-owned company, Bertino Enterprises, Inc., arising from Hill Wallack's representation of the Debtor and his company in an Adversary Action and in the state court matters.

20. Despite having sufficient real property assets to pay all of his obligations, on April 29, 2016, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Second Bankruptcy"). *See* Official Form 106Sum attached hereto and made a part hereof as Exhibit "B".

21. The Second Bankruptcy Chapter 13 Bankruptcy Plan proposed to pay the Trustee the sum of Five Hundred ($500.00) Dollars per month and, at some point during the pendency of the Chapter 13 Plan, assets would be sold to pay all unsecured creditors in full. A copy of the Second Bankruptcy Chapter 13 Plan filed in the Second Bankruptcy is attached hereto and made a part hereof as Exhibit "C".

22. Numerous objections were filed to the Second Bankruptcy Chapter 13 Plan by creditors and the Chapter 13 Trustee. Notably, the Chapter 13 Trustee objected to the Second Bankruptcy Chapter 13 Plan for the following reasons:

   a. The Debtor failed to commence making timely payments to the Trustee;

   b. The Debtor was directed to file an Amended Plan and no Amended Plan was filed;

   c. The Plan was not feasible;

   d. The Debtor failed to file tax return for 2013, 2014 & 2015; and

   e. The Plan was not feasible in that the total filed proofs of claim which are to be paid through the plan exceeded the value of the proposed plan.

23. Hill Wallack objected to the Second Bankruptcy Chapter 13 Plan as it failed to provide a date certain for the sale of assets to fund the 100% payment to unsecured creditors.

24. The Second Bankruptcy Chapter 13 Plan was never confirmed.

25. On September 28, 2017, the Second Chapter 13 was dismissed.

26. On or about October 18, 2017, Hill Wallack filed an Amended Complaint in the Court of Common Pleas of Bucks County against the Debtor which sought a preliminary injunction to prevent the Debtor from alienating the Pennsylvania Properties. A copy of the Amended Complaint is attached hereto and made a part hereof as Exhibit "D".

27. Prior to the hearing on the Preliminary Injunction, the Debtor filed on November 2, 2017, the instant case under Chapter 13 of the Bankruptcy Code ("Current Bankruptcy").

28. Again, as evidenced by Official Form 106Sum filed in the Current Bankruptcy, the Debtor has sufficient real property assets to pay all of his creditors in full. A copy of Official form 106Sum is attached hereto and made a part hereof as Exhibit "E".

29. The Current Bankruptcy Chapter 13 Plan contains the same deficiencies as set forth in the Second Bankruptcy Chapter 13 Plan.

30. Notably, the Debtor has not set forth with any specificity his Plan to liquidate assets in order to pay his creditors in full.

31. The Debtor has also not exhibited any evidence that he can make the scheduled Plan payments of $500.00 per month for the first 12 months and then $1,326.07 for the remaining forty-eight months.

**LEGAL ARGUMENT**

32. Section 1307(c) of the Bankruptcy Code states, in pertinent part, "(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…" 11 U.S.C. § 1307(c).

33. "The purpose of the bankruptcy code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process in order to avoid paying their

debts." *Molitor v. Eidson*, (*In re Molitor*), 76 F.3d 218 (8th Cir. 1996).  Thus, it is clear that a Chapter 13 petition filed in bad faith can be dismissed for cause pursuant to 11 U.S.C. Section 1307(c).  *In re Legree*, 285 B.R. 615 (Bankr. E.D.Pa. 2002) citing *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996); *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992); *In re Dami*, 172 B.R. 6, 10 (Bankr. E.D.Pa. 1994).

34. The initial burden to put a debtor's good faith in dispute rests with the party raising the issue; this burden can be met by demonstrating a history of prior filings.  *Legree supra,* 285 B.R. at 615.

35. When the issue of bad faith has been raised by a party, the burden shifts to the debtor to show that the bankruptcy petition was filed in good faith.  *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000); *See also In re Barr*, 263 B.R. 496, 498 n. 6 (Bankr.E.D.Pa.2001).

36. Evidence of bad faith is overwhelming in this case.

37. The Debtor has substantial assets to fund a Chapter 13 Plan.

38. However, rather than utilizing these assets to fund the Chapter 13 Plan, the Debtor in the Second Bankruptcy Case filed a Chapter 13 Plan which made required minimal payments from the Debtor and ultimately the sale of Debtor's assets to fund the Plan.

39. Despite numerous objections to the Chapter 13 Plan, the Debtor never filed the appropriate motions to either sell or encumber the assets in order to fund the Chapter 13 Plan.

40. Moreover, the Debtor failed to make the minimal payments required under the Chapter 13 Plan.

41. Accordingly, after pending for sixteen (16) months, the Debtor's Second Bankruptcy was dismissed.

42. The Debtor then refiled this case within months of the Second Bankruptcy Case's dismissal.

43. Again, rather than committing his substantial assets to the funding of the Chapter 13 Plan, the Debtor once again filed a patently unconfirmable Chapter 13 Plan containing the same defects as the prior Chapter 13 Plan.

44. The serial filing together with the filing of an unconfirmable Chapter 13 Plan is sufficient evidence of the Debtor's bad faith in this filing.

45. Accordingly this Chapter 13 case should be dismissed.

## CONCLUSION

For the foregoing reasons, Movant, Hill Wallack LLP, respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted,

**HILL WALLACK LLP**


BY: /s/Michael J. Shavel
    **MICHAEL J. SHAVEL, ESQUIRE**
    Attorneys for Hill Wallack

Date:  January 9, 2018